Aaron T. Winn (SBN 229763)
atwinn@duanemorris.com
Jennifer A. Kearns (SBN 125588)
jkearns@duanemorris.com
DUANE MORRIS LLP
750 B Street, Suite 2900
San Diego, CA  92101
Telephone:(619) 744-2200
Facsimile   (619) 744.2201

Attorneys for Defendants
Wal-Mart, Inc. and Wal-Mart Associates, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA VELASCO, on behalf of herself and others similarly situated,<br><br>  Plaintiff,<br><br>  vs.<br><br>RANDSTAD INHOUSE SERVICES LLC, a limited liability company; WAL-MART ASSOCIATES, INC., a corporation; WAL-MART, INC., a corporation; and DOES 1 to 100, inclusive,<br><br>  Defendants. | Case No.: _____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendants Wal-Mart Associates, Inc. and Wal-Mart Stores, Inc. hereby remove Alameda County Superior Court Case No. RG18902612 to this Court.  This removal is made under the Class Action Fairness Act.  28 U.S.C. §§ 1332, 1441, 1446 and 1453.

## I.    BACKGROUND

1.    On April 20, 2018, Plaintiff Yolanda Velasco filed a wage and hour class action complaint in Alameda County Superior Court against Wal-Mart Associates, Inc. and Wal-Mart, Inc. (collectively, "Walmart"), Randstad Inhouse Associates, LLC, and Does 1 to 100 (collectively, "Defendants").  Plaintiff served Walmart with the Complaint on May 8, 2018.

2.    The defendants designated as Does 1 to 100 are fictitious defendants, are not parties to the action, have not been served, and are properly disregarded for purpose of this removal.  28 U.S.C. § 1441(a); *McCabe v. Gen. Foods Corp.*, 811 F. 2d 1136, 1139 (9th Cir. 1987).

## II.    REQUIREMENTS FOR REMOVAL

3.    The Complaint, along with all other process, pleadings, and orders served on Walmart are attached hereto in accordance with 28 U.S.C section 1446(a):

| Exhibit | Document |
| --- | --- |
| Exhibit 1 | Civil Case Cover Sheet |
| Exhibit 2 | Summons |
| Exhibit 3 | Complaint |
| Exhibit 4 | Service of Process Transmittal |
| Exhibit 5 | Plaintiff Yolanda Velasco's Notice of Filing Proof of Service of Summons and Complaint on Defendant Randstad Inhouse Services, LLC |
| Exhibit 6 | Notice of Assignment of Judge for All Purposes |
| Exhibit 7 | Notice of Case Management Conference and Order |

| Exhibit 8 | Alternative Dispute Resolution (ADR) Information Packet |
|---|---|

4.      As required by 28 U.S.C. section 1446(d), copies of this Notice of Removal will be served on Plaintiff's counsel and filed with the clerk of the Alameda County Superior Court.

5.      28 U.S.C. § 1446(b) requires removal within thirty days of defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  But if a defendant has not received a pleading that, on its face, would make the case removable—as is the case here—a defendant may remove at any point after it "discovers, based on its own investigation, that a case is removable."  *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F. 3d 1121, 1123 (9th Cir. 2013).  Thus, this removal is timely.

### III.    VENUE

6.      Alameda County Superior Court is located within the Northern District of California.  28 U.S.C. § 84(a).  Thus, venue is proper in the Northern District of California.  *See* 28 U.S.C. § 1441(a).

### IV.    GROUNDS FOR REMOVAL

7.      The Class Action Fairness Act ("CAFA") gives federal district courts original jurisdiction over class actions in which (1) the number of putative class members exceeds 100, (2) the amount in controversy exceeds $5 million, and (3) where any proposed class member and any defendant are citizens of different states.  28 U.S.C. § 1332(d).  Accepting Plaintiff's allegations as true for purposes of the removal, this class action plainly satisfies each of the requirements for CAFA jurisdiction.

### A.    There are more than 100 putative class members.

8.      Plaintiff's putative class includes (i) the Meal Period Class, (ii) the Wage Statement Class, and (iii) the Waiting Time Class.  Compl. ¶ 26(A)-(C).  Plaintiff

alleges that the "classes are so numerous" and that "each class has over 100 members." Compl. § 28(A).

### B.     There is minimal diversity.

9.     Plaintiff is a resident of California.  Compl. ¶ 3.  Thus, CAFA's minimal diversity requirement is satisfied if any defendant is a citizen of a state other than California.  28 U.S.C. § 1332(d)(2)(A).

10.     A corporation is deemed to be a citizen where it is incorporated and where it has its principal place of business, as determined by the "nerve center" test. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The nerve center is "normally [] the place where a corporation's officers direct, control and coordinate the corporation's activities." *Id.* at 93.

11.     Neither Walmart defendant is a citizen of California:  Wal-Mart Associates, Inc. and Wal-Mart, Inc. were incorporated in Delaware and maintain their corporate headquarters in Arkansas.  *See, e.g., Smith v. Wal-Mart Stores, Inc.*, 2018 U.S. Dist. LEXIS 14937, at *4 (C.D. Cal., Jan. 30, 2018); *Cesena v. Wal-Mart Assocs.*, 2016 U.S. Dist. LEXIS 75468, at *4 (C.D. Cal., June 8, 2016).  Because the Walmart defendants are citizens of Delaware and Arkansas, not California, CAFA's minimal diversity requirement is met.  28 U.S.C. § 1332(c)(1), (d)(2)(A).

### C.     The amount in controversy exceeds $5 million.

12.     "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).  And a notice of removal "need not contain evidentiary submissions," but merely a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 457, 551, 554 (2014); *see also* 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal").

13.    The Complaint does not demand a specific amount in controversy, but Plaintiff's allegations show that the amount-in-controversy easily exceeds $5 million.

14.    **Meal Period Class.**  Plaintiff alleges that Defendants "failed to provide for [a] legally compliant second . . . meal period when non-exempt, hourly employees worked between 5 and 10 hours in a day."  Compl. ¶ 21.  She contends that her and other allegedly aggrieved employees comprise the Meal Period Class.  Compl. ¶¶ 26(A), 29-35.  The Complaint contends that Defendants violated Labor Code sections 226.7 and 512 and the relevant IWC Wage Orders by failing to provide its employees "with an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period."  Compl. ¶ 31.  She also asserts that "Plaintiff and members of the Meal Period Class would work on workdays in shifts between 5 and more than 10 hours in length" but that Defendants did not provide a "legally compliant second uninterrupted, duty-free 30-minute meal period[.]"  Compl. ¶ 32.

15.    Based on these allegations, the Complaint contends that Plaintiff and the Meal Period Class are entitled to recover a meal period premium (one additional hour of pay) under Labor Code section 226.7 for each meal period that Defendants allegedly failed to provide.  Compl. ¶¶ 32, 35.

16.    During the relevant time period, there were more than 140,000 California Walmart employees who worked more than five hours.  Thus, assuming each putative class member earned at least the 2016 minimum wage of $10 per hour, and that each putative class member was deprived of merely one meal period, Plaintiff's meal period claim puts more than $1,400,000 in controversy.  This estimate is exceedingly conservative because the average hourly rate *exceeded* $10 per hour, and Plaintiff's Complaint suggests that class members were deprived of far more than one meal period.

17.    **Wage Statement Class.**  Plaintiff alleges that Defendants "failed to provide accurate and complete wage statements to Plaintiff and members of the Wage Statement Class."  Compl. ¶ 39.

18.    Based on these allegations, the Complaint asserts that Plaintiff and the class members "are entitled to recover fifty ($50) dollars for the initial pay period . . . violation . . . and one hundred dollars ($100) for each violation of Labor Code section 226 in a subsequent pay period[.]"  Compl. ¶ 42.

19.    As defined by Plaintiffs, the Wage Statement Class would encompass more than 75,000 Walmart employees.  To calculate the amount in controversy for the Wage Statement Class based on 75,000 employees within the putative class, Walmart makes the following conservative assumption for purposes of this removal:  (i) that each putative class member had one initial violation; and (ii) each putative class member had one subsequent violation (as Plaintiff defines those terms).

20.    The initial violation penalty of $50 multiplied by the 75,000 eligible employees is $3,750,000 ($50 initial penalty x 75,000 employees).  The subsequent violation penalty of $100 multiplied by the 75,000 employees is $7,500,000 ($100 initial penalty x 75,000 employees).  Thus, based on these conservative assumptions of only one initial violation and one subsequent violation, Plaintiff's wage statement claim puts more than $11,250,000 in controversy.

21.    **Waiting Time Class.**  Plaintiff alleges that Defendants "terminated [her] from her position" and "failed to pay Plaintiff and other non-exempt, hourly employees with all wages [due]."  Compl. ¶¶ 24, 26(C), 45-54.  The Complaint contends that employees who resigned were entitled, under Labor Code sections 201 and 202, to "payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation."  Compl. ¶ 47.

22.    Based on these allegations, the Complaint contends that Plaintiff and members of the Waiting Time Class are entitled to Labor Code section 203 penalties, i.e., a continuation of their wages, from the day their earned and unpaid wages were

due upon separation of employment until paid, up to a maximum of 30 days. Compl. ¶ 51.

23.    As defined by Plaintiffs, the Waiting Time Class consists of more than 60,000 former employees.  To calculate the amount in controversy, Walmart makes the following conservative assumptions for purposes of this removal: (i) each employee who was terminated or resigned during the statutory period was not paid all wages owed in accordance with Labor Code sections 201 and 202;  (ii) each employee worked an average of 6 hours per day at the 2016 minimum wage of $10 per hour for a total of $60 per day; and (3) each employee did not receive all of his or her earned wages until 10 days after they were due.

24.    The 2016 minimum wage of $10 per hour multiplied by 6 hours per day for 10 days results in damages of $600 per person in waiting time penalties ($10 minimum hourly wage x 6 hours x 10 days). $600 multiplied by 60,000 (the size of the putative Waiting Time Class), places $36,000,000 in controversy ($600 per person x 60,000 former employees).

25.    Altogether, these conservative assumptions for each of the three subclasses place far more than $5,000,000 in controversy, even before taking account the attorney fees that Plaintiff seeks to recover.  (The Ninth Circuit utilizes a benchmark rate of 25 percent of damages in reviewing requests for attorney fees.  *See Paul Johnson, Alson & Hunt v. Graulty*, 886 F. 2d 268, 272 (9th Cir. 1989); *Rodriguez v. Cleansource, Inc*, 2014 WL 3818304, at *4 (S.D. Cal., Aug. 4, 2014).)

1    The undersigned counsel has read the foregoing and signs this Notice of

2   Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by

3   28 U.S.C. section 1446(a).

4   Dated:  June 7, 2018                    DUANE MORRIS LLP

5

6                                   By:/s/Aaron T. Winn
                                        Aaron T. Winn
7                                       Jennifer A. Kearns
                                        Attorneys for Wal-Mart Associates, Inc.
8                                       and Wal-Mart Stores, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

# EXHIBIT 1

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|

Joseph Lavi, Esq. (State Bar No. 209776)
Andrea Rosenkranz, Esq. (State Bar No. 301559)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211
TELEPHONE NO.: 310-432-0000          FAX NO.: 310-432-0001
ATTORNEY FOR *(Name):* Yolando Velasco and others similarly situated, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME: René C. Davidson Courthouse

CASE NAME:   Yolanda Velasco v. Randstad Inhouse Services LLC, et al.

**ENDORSED**
**F I L E D**
**ALAMEDA COUNTY**

**APR 2 0 2018**

CLERK OF THE SUPERIOR COURT
FLING HAN

**BY FAX**

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: RG 18902612 |
|---|---|---|
| [x] Unlimited    [ ] Limited | [ ] Counter    [ ] Joinder | JUDGE: |
| (Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | Filed with first appearance by defendant.<br>(Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):*  4 - Meal Periods; LC Section 203 & 226; B&P Section 17200, *et seq.*

5. This case [x] is [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 18, 2018

Andrea Rosenkranz, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal Solutions ℗ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto*)
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or*
    *toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil*
    *harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer*
        *or wrongful eviction*)
    Contract/Warranty Breach—Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally*
    *complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent*
      *domain, landlord/tenant, or*
      *foreclosure*)
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential*)
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex*
    *case type listed above*) (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-*
      *domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified*
    *above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-*
      *harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified*
    *above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

# EXHIBIT 2

2·40

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**  RANDSTAD INHOUSE SERVICES LLC, a
*(AVISO AL DEMANDADO):* limited liability company; WAL-MART
ASSOCIATES, INC., a corporation; WAL-MART INC., a corporation; and
DOES 1 to 100, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 0 2018

CLERK OF THE SUPERIOR COURT

**YOU ARE BEING SUED BY PLAINTIFF:**  YOLANDA VELASCO, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of herself and others
similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>Rene C. Davidson Courthouse<br>1225 Fallon Street<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del caso):*<br>RG 18902612 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. & Andrea Rosenkranz, Esq.          T: 310-432-0000          F: 310-432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211

| DATE: | APR 1 8 2018 | Chad Finke | Clerk, by | | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* WAL-MART INC., A Corporation
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)          [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
Plus

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:** RANDSTAD INHOUSE SERVICES LLC, a
*(AVISO AL DEMANDADO):* limited liability company; WAL-MART
ASSOCIATES, INC., a corporation; WAL-MART INC., a corporation; and
DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** YOLANDA VELASCO, on behalf
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* of herself and others
similarly situated,

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**E N D O R S E D
F I L E D**
ALAMEDA COUNTY

APR 2 0 2018

CLERK OF THE SUPERIOR COURT

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Alameda
Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, CA 94612

</td><td>

CASE NUMBER:
*(Número de Caso):*
**R G 1 8 9 0 2 6 1 2**

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. & Andrea Rosenkranz, Esq.   T: 310-432-0000   F: 310-432-0001
LAVI & EBRAHIMIAN, LLP
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, CA 90211

DATE: APR 18 2018   Chad Finke   Clerk, by _____, Deputy
*(Fecha)*                            *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

# EXHIBIT 3

ENDORSED
FILED
ALAMEDA COUNTY

APR 20 2018

CLERK OF THE SUPERIOR COURT
P MANGOHAN

1  Joseph Lavi, Esq. (State Bar No. 209776)
   jlavi@lelawfirm.com
2  Andrea Rosenkranz, Esq. (State Bar No. 301559)
   arosenkranz@lelawfirm.com
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd. Suite 200
4  Beverly Hills, California 90211
   Telephone: (310) 432-0000
5  Facsimile: (310) 432-0001

   Attorneys for Plaintiff
6  YOLANDA VELASCO, on behalf of herself and others similarly situated

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF ALAMEDA**

10 YOLANDA VELASCO, on behalf of herself and       Case No.: RG 18902612
11 others similarly situated,
                                                   **CLASS ACTION**
12        PLAINTIFF,
                                                   **PLAINTIFF YOLANDA VELASCO'S**
13 vs.                                             **COMPLAINT FOR DAMAGES AND**
                                                   **EQUITABLE RELIEF FOR**
14 RANDSTAD INHOUSE SERVICES LLC, a
   limited liability company; WAL-MART            1.  **FAILURE TO PROVIDE MEAL**
15 ASSOCIATES, INC., a corporation; WAL-               **PERIODS AND MEAL PERIOD**
   MART INC., a corporation; and DOES 1 to 100,       **PREMIUM WAGES IN**
16 inclusive,                                          **VIOLATION OF LABOR CODE**
                                                       **SECTIONS 226.7 & 512 AND THE**
17        DEFENDANTS.                                  **WAGE ORDERS;**

18                                                 2.  **FAILURE TO PROVIDE**
                                                       **ACCURATE WAGE**
19                                                     **STATEMENTS IN VIOLATION OF**
                                                       **LABOR CODE SECTION 226 AND**
20                                                     **THE WAGE ORDERS;**

21
                                                   3.  **FAILURE TO TIMELY PAY**
22                                                     **FINAL WAGES IN VIOLATION**
                                                       **OF LABOR CODE SECTIONS 201**
23                                                     **& 202; and**

24
                                                   4.  **UNFAIR COMPETITION IN**
25                                                     **VIOLATION OF BUSINESS &**
                                                       **PROFESSIONS CODE SECTION**
26                                                     **17200,** *et seq.*

27                                                     **DEMAND FOR JURY TRIAL**

28

**NOW COMES** Plaintiff YOLANDA VELASCO ("Plaintiff"), on behalf of herself, the general public, and all others similarly situated alleging and complaining against Defendants RANDSTAD INHOUSE SERVICES LLC, a limited liability company; WAL-MART ASSOCIATES, INC., a corporation; WAL-MART INC., corporation; and DOES 1 to 100, inclusive, (hereinafter collectively referred to as "Defendants") as follows:

## INTRODUCTION

1.    This is a class action lawsuit seeking unpaid wages and interest thereon for Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employee all earned and unpaid wages due upon separation of employment; applicable civil penalties; injunctive relief and other equitable relief; and reasonable attorney's fees, pursuant to Labor Code Section 226(e); costs, pursuant to Labor Code Section 218.5; and interest, pursuant to Labor Code Section 218.6, brought on behalf of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff and the Class Members' claims for Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages; statutory penalties for failure to provide accurate wage statements; waiting time penalties in the form of continuation wages for failure to timely pay employee all earned and unpaid wages due upon separation of employment; and claims for injunctive relief and restitution under California Business & Professions Code Section 17200 *et seq.* for the following reasons: Plaintiff's lawsuit seeks permanent injunction and damages for herself and the Class Members in excess of $25,000; more than two-thirds of the putative class members are California citizens; the principal violations of California law occurred in California; Defendants employed putative class members in Alameda County, including at 360 22nd Street, Suite 535, Oakland, California 94612, and 1919 Davis Street, San Leandro, California 94577; the conduct of Defendants forms a significant basis for Plaintiff's and the Class Members' claims; and Plaintiff and the Class Members seek significant relief from Defendants.

## **PARTIES**

3.    Plaintiff brings this action on behalf of herself and other members of the general public similarly-situated.  The named Plaintiff and the class of persons on whose behalf this action is filed are current, former and/or future employees of Defendants who worked, work, or will work for Defendants as non-exempt hourly employees in California.  At all times mentioned herein, the named Plaintiff is and was domiciled and a resident and citizen of California and was employed by Defendants in a non-exempt position within the 4 years prior to the filing of the complaint.  The named Plaintiff is no longer an employee of Defendants.

4.    Defendants employed Plaintiff as an hourly non-exempt employee from in or around June 2016, until on or around August 26, 2017.

5.    Plaintiff is informed and believes and thereon alleges that Defendant RANDSTAD INHOUSE SERVICES LLC is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1 to 25 are, and at all times relevant hereto were, members and/or managers of Defendant RANDSTAD INHOUSE SERVICES LLC who were acting on behalf of RANDSTAD INHOUSE SERVICES LLC in the establishment of, or ratification, of, the aforementioned illegal payroll practices or policies. At all times mentioned herein, Defendant RANDSTAD INHOUSE SERVICES LLC employed numerous hourly paid employees in Alameda County.

6.    Plaintiff is further informed and believes and thereon alleges that Defendants DOES 1 through 12 are corporations, or are other business entities or organizations of a nature unknown to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the employees of RANDSTAD INHOUSE SERVICES LLC.

7.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 13 through 25 are individuals unknown to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the employees of RANDSTAD INHOUSE SERVICES LLC. Each of the individual defendants is sued individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

1  supervisor, independent contractor and/or employee of each Defendant and had operational control

2  for Defendants.

3      8.    Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART

4  ASSOCIATES, INC. is authorized to do business within the State of California and is doing

5  business in the State of California and/or that Defendants DOES 26 to 50 are, and at all times

6  relevant hereto were, members and/or managers of Defendant WAL-MART ASSOCIATES, INC.

7  who were acting on behalf of WAL-MART ASSOCIATES, INC.in the establishment of, or

8  ratification, of, the aforementioned illegal payroll practices or policies. At all times mentioned

9  herein, Defendant WAL-MART ASSOCIATES, INC. employed numerous hourly paid employees

10  in Alameda County.

11      9.    Plaintiff is further informed and believes and thereon alleges that Defendants DOES

12  26 through 38 are corporations, or are other business entities or organizations of a nature unknown

13  to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day

14  aspects of the employment and workplaces behavior of the employees of WAL-MART

15  ASSOCIATES, INC.

16      10.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 39

17  through 50 are individuals unknown to Plaintiff that exert the general control of an "employer" or

18  "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the

19  employees of WAL-MART ASSOCIATES, INC.  Each of the individual defendants is sued

20  individually and in his or her capacity as an agent, shareholder, owner, representative, manager,

21  supervisor, independent contractor and/or employee of each Defendant and had operational control

22  for Defendants.

23      11.    Plaintiff is informed and believes and thereon alleges that Defendant WAL-MART

24  INC. is authorized to do business within the State of California and is doing business in the State of

25  California and/or that Defendants DOES 51 to 75 are, and at all times relevant hereto were,

26  members and/or managers of Defendant WAL-MART INC. who were acting on behalf of WAL-

27  MART INC. in the establishment of, or ratification, of, the aforementioned illegal payroll practices

28  or policies. At all times mentioned herein, Defendant WAL-MART INC. employed numerous

1   hourly paid employees in Alameda County.

2       12.     Plaintiff is further informed and believes and thereon alleges that Defendants DOES

3   51 through 63 are corporations, or are other business entities or organizations of a nature unknown

4   to Plaintiff that exert the general control of an "employer" or "principal" over relevant day-to-day

5   aspects of the employment and workplaces behavior of the employees of WAL-MART INC.

6       13.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 64

7   through 75 are individuals unknown to Plaintiff that exert the general control of an "employer" or

8   "principal" over relevant day-to-day aspects of the employment and workplaces behavior of the

9   employees of WAL-MART INC. Each of the individual defendants is sued individually and in his

10  or her capacity as an agent, shareholder, owner, representative, manager, supervisor, independent

11  contractor and/or employee of each Defendant and had operational control for Defendants.

12      14.     Plaintiff is unaware of the true names of Defendants DOES 1 to 100 and therefore

13  sues said Defendants by said fictitious names, and will amend this complaint when the true names

14  and capacities are ascertained or when such facts pertaining to liability are ascertained, or as

15  permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously

16  named defendants is in some manner responsible for the events and allegations set forth in this

17  complaint.

18      15.     Plaintiff is informed, believes, and thereon alleges that at all relevant times, each

19  Defendant was an employer, was the principal, agent, partner, joint venturer, officer, director,

20  controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

21  predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

22  the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

23  of the other defendants so as to be liable for their conduct with respect to the matters alleged in this

24  complaint. Plaintiff is further informed and believes and thereon alleges that each defendant acted

25  pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

26  each defendant knew or should have known about, authorized, ratified, adopted, approved,

27  controlled, aided and abetted the conduct of all other defendants. As used in this complaint,

28  "Defendants" means "Defendants and each of them," and refers to the Defendants named in the

1   particular cause of action in which the word appears and includes Defendants RANDSTAD

2   INHOUSE SERVICES LLC, WAL-MART ASSOCIATES, INC., WAL-MART INC., and DOES 1

3   to 100.

4       16.    At all times mentioned herein, each Defendant was the co-conspirator, agent, servant,

5   employee, and/or joint venturer of each of the other defendants and was acting within the course and

6   scope of said conspiracy, agency, employment, and/or joint venture and with the permission and

7   consent of each of the other Defendants.

8       17.    Plaintiff is informed and believes and thereon alleges that there exists such a unity of

9   interest and ownership between Defendants RANDSTAD INHOUSE SERVICES LLC, WAL-

10  MART ASSOCIATES, INC., WAL-MART INC., and DOES 1 to 100, that the individuality and

11  separateness of Defendants have ceased to exist. The business affairs of Defendants are, and at all

12  times relevant hereto were, so mixed and intermingled that the same cannot reasonably be

13  segregated, and the same are in inextricable confusion. Defendants RANDSTAD INHOUSE

14  SERVICES LLC, WAL-MART ASSOCIATES, INC. and WAL-MART INC. are at all times

15  relevant hereto were, used by Defendants DOES 1 to 100, as a mere shell and conduit for the

16  conduct of Defendants DOES 1 to 100's affairs and was undercapitalized during such use. The

17  recognition of the separate existence of Defendants would not promote justice, in that it would

18  permit Defendants to insulate themselves from liability to Plaintiff. Accordingly, Defendants

19  constitute the alter ego of each other and the fiction of their separate existence must be disregarded.

20      18.    Plaintiff makes the allegations in this complaint without any admission that, as to any

21  particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff

22  reserves all of Plaintiff's rights to plead in the alternative.

23  **DESCRIPTION OF ILLEGAL PAY PRACTICES**

24      19.    Pursuant to the applicable Industrial Welfare Commission Wage Order ("Wage

25  Order"), codified at California Code of Regulations title 8, Section 11040, Defendants and business

26  entities sued as DOES 1-100 were employers of Plaintiff within the meaning of the applicable Wage

27  Order and applicable California Labor Code Sections. Therefore, Defendants are jointly and

28  severally liable for the wrongs complained of herein in violation of the Wage Order and the

California Labor Code.

20.    **Failure to provide non-exempt employees with legally compliant meal periods and/or pay non-exempt employees wages to compensate them for workdays Defendants failed to provide legally compliant meal periods:** Defendants often employ non-exempt employees, including the named Plaintiff and all others similarly-situated, for shifts of 10 hours or more in length. California law requires an employer to provide an employee an uninterrupted meal period of no less than 30-minutes before the end of a 5-hour work period. Lab. Code § 512. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the tenth hour of work. *Id.* If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. *Id.*

21.    Plaintiff and similarly situated employees would work on workdays in shifts of between 5 hours and more than 10 hours in length entitling them to two meal periods under California law. Defendants maintained a policy, practice, and/or procedure, however, that failed to provide for legally compliant second uninterrupted, duty-free 30-minute meal periods when non-exempt, hourly employees worked between 5 and 10 or more hours in a day, throughout the class period. Defendants also failed to provide the employees with premium wages for these non-compliant meal periods. Defendants' failure to provide the employees with legally compliant meal periods was in violation of Labor Code Section 226.7 and the IWC Wage Orders. Accordingly, Defendants owe each hourly employee wages for these non-compliant meal periods.

22.    **Pay Stub Violations:** California Labor Code Section 226(a) provides (*inter alia*) that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that

all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

23.    Defendants failed to provide accurate and complete wage statements to Plaintiff and other non-exempt, hourly employees.  Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages resulted in Defendants providing their non-exempt, hourly employees with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings.  This intentional inaccurate information prevented Plaintiff and other non-exempt, hourly employees from knowing the actual wages and calculating their actual wages which resulted in Plaintiff and other hourly class members to suffer actual damages.

24.    **Failure to Pay California Employees All Wages Due at Time of Termination/Resignation**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination (Lab. Code § 201) or within 72 hours of resignation (Lab. Code § 202).  Plaintiff was terminated from her position with Defendants on or about August 26, 2017.  Defendants, however, failed to pay Plaintiff and other non-exempt, hourly employees with all wages, including any premium pay for any and all missed meal periods during their employment and never paid these amounts after Plaintiff and other non-exempt, hourly employees separated employment with Defendants.  As a result, Defendants failed to provide all separated employees whose employment ended within three years prior to the filing of the Complaint all earned and unpaid wages.

**CLASS DEFINITIONS AND CLASS ALLEGATIONS**

25.    This action has been brought and may properly be maintained as a class action pursuant to California Code of Civil Procedure Section 382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed classes are ascertainable.

26.    Plaintiff brings this action on behalf of herself, on behalf of all others similarly

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

8

situated, and on behalf of the General Public, and as a member of a Class defined as follows:

A. **Meal Period Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within the four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who worked at least 5 hours in a workday and did not receive wages to compensate them for non-compliant second meal periods.

B. **Wage Statement Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class who received inaccurate and/or incomplete itemized wage statements.

C. **Waiting Time Class:** All current and former non-exempt, hourly employees employed by Defendants in California at any time within four years prior to the filing of the initial complaint in this action and through the date notice is mailed to a certified class whose employment ended and they did not receive payment of all unpaid wages within the statutory time period after separation of employment.

D. **California Class:** All aforementioned classes are here collectively referred to as the "California Class."

27. All Classes are here collectively referred to as "California Class".

28. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity:** The Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members in each class is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon allege that, in California, each class has over 100 members.

B. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff classes and predominates over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

(i)     Whether Defendants unlawfully failed to provide the Meal Period Class with proper meal periods or an hour wage for every day such periods were not provided;

(ii)     Whether Defendants unlawfully failed to furnish the Wage Statement Class with proper accurate itemized wage statements;

(iii)     Whether Defendants failed to provide the Waiting Time Class with all unpaid wages within the statutory time period following separation of employment;

(iv)     Whether Defendants violated Business & Professions Code Section 17200, *et seq.* by their wage and hour practices, furnishing of correct itemized wage statement practices, indemnification practices, as well as, payment at the time of separation practices;

(v)     Whether Class Members are entitled to unpaid wages, penalties, interest, fees and other relief in conjunction with their claims; and

(vi)     Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

(vii)     Plaintiff anticipates that Defendants' affirmative defenses will raise additional common issues of fact and law.

C.     **Typicality:** Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and the members of the Meal Period Classes sustained damages arising out of Defendants' failure to provide legally compliant meal periods and/or meal period premium wages. Plaintiff and the members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with proper Itemized Wage Statements. Plaintiff and the members of the Waiting Time and Class sustained damages arising out of Defendants' failure to provide all wages due upon the end of their employment.

D.     **Adequacy of Representation:** Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members. Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to prosecute this action vigorously. The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

E.     **Superiority:** A class action is superior to other available means for the fair

1    and efficient adjudication of this controversy. Because individual joinder of all members of each

2    class is impractical, class action treatment will permit a large number of similarly situated persons to

3    prosecute their common claims in a single forum simultaneously, efficiently, and without the

4    unnecessary duplication of effort and expense that numerous individual actions would engender.

5    The expenses and burdens of individual litigation would make it difficult or impossible for

6    individual members of each class to redress the wrongs done to them, while important public

7    interests will be served by addressing the matter as a class action. The cost to and burden on the

8    court system of adjudication of individualized litigation would be substantial, and substantially

9    more than the costs and burdens of a class action. Individualized litigation would also present the

10   potential for inconsistent or contradictory judgments.

11           F.     **Public Policy Consideration:** Employers throughout the state violate wage

12   and hour laws. Current employees are often afraid to assert their rights out of fear of direct or

13   indirect retaliation. Former employees are fearful of bringing actions because they perceive their

14   former employers can blacklist them in their future endeavors through negative references and by

15   other means. Class actions provide the class members who are not named in the Complaint with a

16   type of anonymity that allows for vindication of their rights.

17                          **FIRST CAUSE OF ACTION**

18   **FAILURE TO PROVIDE MEAL PERIODS AND MEAL PERIOD PREMIUM WAGES IN**

19   **VIOLATION OF LABOR CODE SECTIONS 226.7 & 512 AND THE WAGE ORDERS**

20           **(On Behalf of the Meal Period Class against All Defendants and Does 1-100)**

21           29.    Plaintiff hereby incorporates by reference paragraphs 1-28 above, as if fully set

22   herein.

23           30.    At all relevant times, Plaintiff and members of the Meal Period Class were non-

24   exempt, hourly employees of Defendants covered by Labor Code Sections 226.7 & 512 and the

25   IWC Wage Orders.

26           31.    Pursuant to Labor Code Sections 226.7 & 512 and the IWC Wage Orders, an

27   employer is required to provide an employee an uninterrupted meal period of no less than 30-

28   minutes before the end of a 5-hour work period. Lab. Code § 512. An employer may not employ an

employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes before the end of the tenth hour of work. *Id.* If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each work day that a legally required meal period was not provided or was not duty free. *Id.*

32.    Plaintiff is informed and believes and thereon alleges that Plaintiff and members of the Meal Period Class would work on workdays in shifts of between 5 hours and more than 10 hours in length entitling them to two meal periods under California law.  Defendants maintained a policy, practice, and/or procedure, however, that failed to provide for legally compliant second uninterrupted, duty-free 30-minute meal periods when non-exempt, hourly employees worked between 5 and 10 or more hours in a day, throughout the class period.  Defendants also failed to provide Plaintiff and members of the Meal Period Class with premium wages for these for these non-compliant meal periods.

33.    Despite that California law requires employers to provide employees with timely and uninterrupted meal periods when they have worked a sufficient amount of hours, Plaintiff is informed and believes and thereon alleges that Defendants did not provide Plaintiff and members of the Meal Period Class with legally compliant second meal periods.

34.    As a result of Defendants' unlawful conduct, Plaintiff and members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid an hour wage for every meal period which they did not properly receive.

35.    Pursuant to Labor Code Sections 226.7 and 512, Plaintiff and members of the Meal Period Class are entitled to recover the full amount of unpaid meal period wages, interest thereon, and costs of suit.

//

//

//

//

//

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226 AND THE WAGE ORDERS

**(On Behalf of the Wage Statement Class against All Defendants and Does 1-100)**

36.    Plaintiff hereby incorporates by reference paragraphs 1-35 above, as if fully set herein by reference.

37.    At all relevant times, Plaintiff and members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226 and the IWC Wage Orders.

38.    Pursuant to Labor Code Section 226, subdivision (a), and IWC Wage Orders, Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement which included, but not limited to, the following: (a) gross wages earned; (b) the total hours worked by the employee; (c) net wages earned; (d) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee; and (e) the name and address of the legal entity that is the employer.

39.    Defendants failed to provide accurate and complete wage statements to Plaintiff and members of the Wage Statement Class. Defendants' failure to provide legally compliant meal periods and/or pay meal period premium wages resulted in Defendants providing their non-exempt, hourly employees with inaccurate itemized wage statements in violation of Labor Code Section 226(a) because they did not reflect all of the employees' earnings. This intentional inaccurate information prevented Plaintiff and members of the Wage Statement Class from knowing the actual wages and calculating their actual wages which resulted in Plaintiff and members of the Wage Statement Class to suffer actual damages.

40.    Defendants' failure to provide Plaintiff and members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

41.    As a result of Defendants' conduct, Plaintiff and members of the Wage Statement

Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and/or led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

42.    Pursuant to Labor Code Section 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover fifty (50) dollars for the initial pay period within the applicable limitations period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

43.    Pursuant to Labor Code Section 226, Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e) and reasonable attorney's fees.

44.    Pursuant to Labor Code Sections 218 and 226(e), Plaintiff and members of the Wage Statement Class are entitled to recover the full amount of penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO TIMELY PAY FINAL WAGES IN VIOLATION OF LABOR CODE**

**SECTIONS 201 & 202**

**(On Behalf of the Waiting Class against All Defendants and Does 1-100)**

45.    Plaintiff hereby incorporates by reference paragraphs 1-44 above, as if fully set herein.

46.    At all relevant times, Plaintiff and members of the Waiting Time Class were employees of Defendants covered by Labor Code Sections 201 or 202.

47.    . Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class were entitled upon separation of employment to timely payment of all wages earned and unpaid prior to separation of employment.  Discharged employees were entitled to payment of all

wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

48.   Defendants failed to pay Plaintiff and members of the Waiting Time Class all wages earned and unpaid prior to separation in accordance with Labor Code Sections 201 and/or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of failing to pay premium wages for all non-compliant meal periods.

49.   Defendants' failure to pay Plaintiff and members of the Waiting Time Class all wages earned prior to separation timely in accordance with Labor Code Sections 201 and/or 202 was willful. Defendants had the ability to pay all wages earned by Plaintiff and members of the Waiting Time Class prior to separation in accordance with Labor Code Sections 201 and/or 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 and/or 202. When Defendants failed to pay Plaintiff and members of the Waiting Time Class timely upon separation all wages earned prior to separation, Defendants knew what they were doing and intended to do what they did.

50.   Pursuant to Labor Code Sections 201 or 202, Plaintiff and members of the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants did not pay them.

51.   Pursuant to Labor Code Section 203, Plaintiff and members of the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon separation of employment until paid, up to a maximum of 30 days.

52.   As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

53.   As a result of Defendants' conduct, Plaintiff and members of the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all

continuation wages owed under Labor Code Section 203.

54.    Pursuant to Labor Code Sections 201, 202, and 203, Plaintiff and members of the Waiting Time Class are entitled to recover the full amount of their unpaid wages, continuation wages under Section 203, interest thereon, reasonable attorney's fees and costs of suit.

**FOURTH CAUSE OF ACTION**

**UNFAIR COMPETITION IN VIOLATION OF BUSINESS & PROFESSIONS CODE**

**· SECTION 17200,** *et seq.*

**(On Behalf of the California Class against All Defendants and Does 1-100)**

55.    Plaintiff hereby incorporates by reference paragraphs 1-54 above, as if fully set herein by reference.

56.    The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of California Business and Professions Code Section 17200. This unfair conduct includes Defendants' use of policies and procedures which resulted in their failure to provide legally compliant meal periods and/or pay meal period premium wages and to provide accurate itemized wage statements.

57.    Due to their unfair and unlawful business practices in violation of the California Labor Code, as outline above, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to provide legally compliant meal periods and/or pay meal period premium wages and to provide accurate itemized wage statements.

58.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and members of the Meal Period Class, Wage Statement Class, and/or Waiting Time Class have suffered injury in fact and lost money or property, as described in more detail above.

59.    Pursuant to California Business and Professions Code Section 17203, Plaintiff and members of the Meal Period Class, Wage Statement Class, and/or Waiting Time Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices.

60.    Plaintiff also seeks an injunction against Defendants on behalf of members of the

California Class enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein.

61.    Plaintiff and members of the California Class also seeks attorneys' fees and costs of suit, including but not limited to that recoverable under California Code of Civil Procedure Section 1021.5.

## PRAYER FOR RELIEF

### ON ALL CAUSES OF ACTION:

1.    That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure Section 382 and any other applicable law;

2.    That the named Plaintiff be designated as class representative for the California Class (and all sub-classes thereof);

3.    A declaratory judgment that the practices complained herein are unlawful;

4.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein; and

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Code of Civil Procedure Section 1021.5.

### ON THE FIRST CAUSE OF ACTION:

1.    That the Defendants be found to have violated the meal period provisions of the Labor Code and the IWC Wages Orders as to Plaintiff and the Meal Period Class;

2.    For damages, according to proof, including unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code Section 218.6, and post-judgment interest; and

5.    For such and other further relief, in law and/or equity, as the Court deems just or appropriate.

//

**ON THE SECOND CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding proper itemized paystubs as to Plaintiff and the Wage Statement Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 226(e) and any other legally applicable damages or penalties;

3.      For pre-judgment interest and post-judgment interest;

4.      For attorneys' fees and costs of suit, including but not limited to that recoverable under California Labor Code Section 226(e); and

5.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1.      That the Defendants be found to have violated the provisions of the Labor Code regarding payment of wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.      For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code Section 203 and any other legally applicable damages or penalties;

3.      For pre-judgment interest, including under Labor Code Section 218.6, and post-judgment interest; and

4.      For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE FOURTH CAUSE OF ACTION:**

1.      That the Defendants be found to have violated Business and Professions Code Section 17200 for the conduct alleged herein as to Plaintiff and all Classes;

2.      A declaratory judgment that the practices complained herein are unlawful;

3.      An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.      For restitution to the full extent permitted by law; and

1    5.    For such and other further relief, in law and/or equity, as the Court deems just or

2  appropriate.

3

4  Dated: April 18, 2018    Respectfully submitted,
                            **LAVI & EBRAHIMIAN, LLP**

5

6

7

8  By: _____
                            Joseph Lavi, Esq.
9                           Andrea Rosenkranz, Esq.

10                          Attorneys for Plaintiff
                            YOLANDA VELASCO, on behalf of
11                          herself and others similarly situated.

12

13                          **DEMAND FOR JURY TRIAL**

14     Plaintiff YOLANDA VELASCO demands a trial by jury for herself and the California Class

15  on all claims so triable.

16  Dated: April 18, 2018    Respectfully submitted,
                            **LAVI & EBRAHIMIAN, LLP**
17

18

19

20  By: _____
                            Joseph Lavi, Esq.
21                          Andrea Rosenkranz, Esq.

22                          Attorneys for Plaintiff
                            YOLANDA VELASCO, on behalf of
23                          herself and others similarly situated

24

25

26

27

28

# EXHIBIT 4

 CT Corporation

**Service of Process Transmittal**
05/08/2018
CT Log Number 533299929

TO:     Kim Lundy Service of Process, Legal Support Supervisor
        Walmart Inc.
        702 SW 8th St, MS#0215
        Bentonville, AR 72716-6209

RE:     **Process Served in California**

FOR:    Walmart Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Velasco Yolanda, on behalf of herself and others similarly situated, Pltf. vs. Randstad Inhouse Services LLC, etc., et al., Dfts. // To: Walmart Inc., etc. |
| **DOCUMENT(S) SERVED:** | Summonses, Notice(s), Attachment(s), Complaint, Cover Sheet(s), Instructions |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA Case # RG18902612 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Claim for unpaid wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/08/2018 at 14:40 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Joseph Lavi Lavi & Ebrahimian, LLP 8889 W. Olympic Blvd. Suite 200 Beverly Hills, CA 90211 310-432-0000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/09/2018, Expected Purge Date: 05/14/2018  Image SOP  Email Notification, Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** **ADDRESS:**  **TELEPHONE:** | C T Corporation System 818 West Seventh Street Los Angeles, CA 90017 213-337-4615 |

Page 1 of  1 / RG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/22/2018
CT Log Number 533383431

TO: Kim Lundy Service of Process, Legal Support Supervisor
Walmart Inc.
702 SW 8th St, MS#0215
Bentonville, AR 72716-6209

RE: **Process Served in California**

FOR: Wal-Mart Associates, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Velasco Yolanda, on behalf of herself and others similarly situated, Pltf. vs. Randstad Inhouse Services LLC, etc., et al., Dfts. // To: Wal-Mart Associates, Inc. |
| **DOCUMENT(S) SERVED:** | Notice(s), Proof(s) |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA Case # RG18902612 |
| **NATURE OF ACTION:** | Employee Litigation - Class Action - Plaintiff's notice of filing proof of service of summons and complaint on defendant |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 05/22/2018 postmarked on 05/16/2018 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Joseph Lavi Lavi & Ebrahimian, LLP 8889 W. Olympic Blvd. Suite 200 Beverly Hills, CA 90211 310-432-0000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/22/2018, Expected Purge Date: 05/27/2018 |
| | Image SOP |
| | Email Notification,  Kim Lundy Service of Process  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/22/2018
CT Log Number 533383431

TO:     Kim Lundy Service of Process, Legal Support Supervisor
        Walmart Inc.
        702 SW 8th St, MS#0215
        Bentonville, AR 72716-6209

RE:     **Process Served in California**

FOR:    Wal-Mart Associates, Inc.  (Domestic State: DE)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Notice(s), Exhibit(s), Proof(s) of Service | By Regular Mail on 05/17/2018 postmarked on 05/15/2018 | Kim Lundy Service of Process, Legal Support Supervisor Walmart Inc. | 533354103 |
| Summonses, Notice(s), Attachment(s), Complaint, Cover Sheet(s), Instructions | By Process Server on 05/08/2018 | Kim Lundy Service of Process, Legal Support Supervisor Walmart Inc. | 533299964 |

Page 2 of  2 / ND

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

UNITED STATES POSTAGE

PITNEY BOWES

$ 000.46⁰

02 1P                    MAY 16  2018
0001970425
MAILED FROM ZIP CODE 90211

LOS ANGELES
CA 900
16 MAY '18
PM 3 1

LAW OFFICES OF

LAVI & EBRAHIMIAN, LLP
8889 W. OLYMPIC BLVD., SUITE 200
BEVERLY HILLS, CALIFORNIA 90211

Wal-Mart Associates, Inc.
c/o CT Corporation System,
Agent for Service of Process
818 W. 7th Street, Suite 930
Los Angeles, CA 90017

90017-347630

# EXHIBIT 5

1  Joseph Lavi, Esq. (State Bar No. 209776)
   jlavi@lelawfirm.com
2  Andrea Rosenkranz, Esq. (State Bar No. 301559)
   arosenkranz@lelawfirm.com
3  **LAVI & EBRAHIMIAN, LLP**
   8889 W. Olympic Blvd. Suite 200
4  Beverly Hills, California 90211
   Telephone: (310) 432-0000
5  Facsimile: (310) 432-0001

6  Attorneys for Plaintiff
   YOLANDA VELASCO, on behalf of herself and others similarly situated

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                   **FOR THE COUNTY OF ALAMEDA**

9  YOLANDA VELASCO, on behalf of herself and     Case No.: RG18902612
   others similarly situated,
10
                                                  [*Assigned for all purposes to the Hon Jo-Lynne*
11          PLAINTIFF,                            *Q. Lee, Department 18*]
   vs.
12                                                **CLASS ACTION**
   RANDSTAD INHOUSE SERVICES LLC, a
13 limited     liability     company;    WAL-MART  **PLAINTIFF YOLANDA VELASCO'S**
   ASSOCIATES, INC., a corporation; WAL-           **NOTICE OF FILING PROOF OF**
14 MART INC., a corporation; and DOES 1 to 100,    **SERVICE OF SUMMONS AND**
   inclusive,                                      **COMPLAINT ON DEFENDANT**
15                                                **RANDSTAD INHOUSE SERVICES,**
          DEFENDANTS.                             **LLC**
16

17        **TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF**

18 **RECORD:**

19        Plaintiff YOLANDA VELASCO hereby submits the Proof of Service of Summons and

20 Complaint on Defendant RANDSTAD INHOUSE SERVICES, LLC.  A true and correct copy of the

21 Proof of Service of Summons on the aforementioned Defendant is hereto attached as **Exhibit 1.**

22
   Dated: May 16, 2018                          Respectfully submitted,
23                                               **LAVI & EBRAHIMIAN, LLP**

24

25                                               By: _____
                                                    Joseph Lavi, Esq.
26                                                  Andrea Rosenkranz, Esq.
                                                    Attorneys for Plaintiff
27                                                  YOLANDA VELASCO, on behalf of herself
                                                    and others similarly situated,
28

---

**PLAINTIFF YOLANDA VELASCO'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT**
**ON DEFENDANT RANDSTAD INHOUSE SERVICES, LLC**

**EXHIBIT "1"**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|---|
| JOSEPH LAVI SBN 209776<br>8889 W Olympic Blvd | | (310) 432-0000 | |
| Beverly Hills         CA         90211 | | | |
| **ATTORNEY FOR** (Name) | | | |
| Insert of Court Name of Judicial District and Branch Court if any | | | |
| ALAMEDA COUNTY SUPERIOR COURT, OAKLAND | | | |
| **SHORT TITLE OF CASE** | | | |
| VELASCO v RANDSTAD INHOUSE | | | Case Number: |
| | | | RG16902612 |
| 3334599      (HEARING) Date      Time      Dept | | | REFERENCE NO. |
| | | 18 | Velasco v. Randstad Inhouse |

### PROOF OF SERVICE OF SUMMONS

**1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION**

**2. I SERVED COPIES OF THE:**
SUMMONS & COMPLAINT
CIVIL CASE COVER SHEET
NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER
NOTICE OF ASSIGNMENT OF JUDGE FOR ALL PURPOSES

**3. a. PARTY SERVED:**  RANDSTAD INHOUSE SERVICES, LLC, A

LIMITED LIABILITY COMPANY
CSC Lawyers Incorporating Service, Agent for Service
**b. PERSON SERVED:** BECKY DEGEORGE, PERSON AUTHORIZED TO RECEIVE
CAUCASIAN FEMALE, 50+YRS, 5'6", 185LBS., BLOND/BROWN HAIR

**4. c. ADDRESS:**    2710 Gateway Oaks Dr Ste 150N
Sacramento          CA          95833

**5. I SERVED THE PARTY NAMED IN ITEM 2**

**a. BY PERSONALLY DELIVERING THE COPIES**
ON      6/6/2016  AT  3:11:00 PM

**6. THE "NOTICE TO PERSON SERVED" WAS COMPLETED AS FOLLOWS:**
**d. ON BEHALF OF:**
RANDSTAD INHOUSE SERVICES, LLC, A
LIMITED LIABILITY COMPANY
CSC Lawyers Incorporating Service, Agent for Service
UNDER THE FOLLOWING CODE OF CIVIL PROCEDURE SECTION : OTHER-LIMITED LIABILITY COMPANY

| | |
|---|---|
| **7a. Person Serving:**      Katrina      Williams | **d. The fee for service was**          $108.90<br>**e. I am:** |
| | (1)          not a registered California process server: |
| **b.** ODS Legal Support<br>2800 Bristol St<br>Costa Mesa, Ca 92626 | (3) X      registered California process server:<br>(I) Independent Contractor |
| | (I) Registration No: 2015-10 |
| **c.** (714) 662-5555 | (I) County: SACRAMENTO |
| **8.** I declare under the penalty of perjury under the laws of the State of California that the<br>foregoing is true and correct.      Katrina      Williams | |
| 6/11/2016 | X |
| | SIGNATURE |

**PROOF OF SERVICE**                    CRC 982(A)(23)

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 8889 W. Olympic Blvd., Suite 200, Beverly Hills, California 90211.

4

5

On May 16, 2018, I served the foregoing document, described as:

6

**"PLAINTIFF YOLANDA VELASCO'S NOTICE OF FILING PROOF OF SERVICE OF SUMMONS AND COMPLAINT ON DEFENDANT RANDSTAD INHOUSE SERVICES, LLC"**

7

8

on all interested parties in this action by placing a true copy thereof in a sealed envelope, addressed as follows:

9

| | |
|---|---|
| **Randstad Inhouse Services LLC**<br>c/o CSC – Lawyers Incorporating Service,<br>Agent for Service of Process<br>2710 Gateway Oaks Drive, Suite 150N<br>Sacramento, CA 95833 | **Wal-Mart Associates, Inc.**<br>c/o CT Corporation System,<br>Agent for Service of Process<br>818 W. 7th Street, Suite 930<br>Los Angeles, CA 90017 |
| **Wal-Mart Inc.**<br>c/o CT Corporation System,<br>Agent for Service of Process<br>818 W. 7th Street, Suite 930<br>Los Angeles, CA 90017 | |

10

11

12

13

14

15

16

☒    **(BY MAIL)** As follows:

17

I placed such envelope, with postage thereon prepaid, in the United States mail at Los Angeles, California.

18

19

I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

20

21

22

☐    **(BY ELECTRONIC MAIL)** I sent such document via facsimile mail to the number(s) noted above.

23

24

☐    **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the attorney at the offices of the addressee.

25

26

☒    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on May 16, 2018 at Beverly Hills, California.

27

28

Yolanda Ramirez

# EXHIBIT 6

# Superior Court of California, County of Alameda



## Notice of Assignment of Judge for All Purposes

Case Number: RG18902612
Case Title:  Velasco VS Randstad Inhouse Services, LLC, a limitied liabil
Date of Filing: 04/18/2018

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| Judge: | Jo-Lynne Q. Lee |
| Department: | 18 |
| Address: | Administration Building |
| | 1221 Oak Street |
| | Oakland CA 94612 |
| Phone Number: | (510) 267-6934 |
| Fax Number: | (510) 267-1506 |
| Email Address: | Dept.18@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedure section 170.6 must be exercised within the time period provided by law. (See Code Civ. Proc. §§ 170.6, subd. (a)(2) and 1013.)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording.

Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

**General Procedures**

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the René C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jo-Lynne Q. Lee
DEPARTMENT 18

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at: http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1)_ and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association www.acbanet.org (link at bottom of page). Email is the preferred method of communicating with court staff in Dept. 18, particularly for scheduling hearings. Telephone communications are possible, but use of email will greatly facilitate a prompt response to your inquiries. When a copy of a document must be transmitted to court staff, it should be hand-delivered to Dept. 18. PDFs should not be emailed to the Court without prior permission; as such attachments can disable the Court's email in-box. Further, the use of an email attachment is not a substitute for filing of pleadings or other documents. All email communications should be copied to all parties for whom an email address is available, so inclusion of available email addresses in the caption of all filed papers, as required by CRC 2.111(1) is critical.

**Schedule for Department 18**

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Anyone seeking to schedule a hearing must first "meet and confer" with counsel regarding proposed dates then contact Dept. 18 via email with copies to all counsel.

- Trials generally are held: Monday through Thursday from 8:30 AM through 1:30 PM. Cases may trail a trial in progress. A Readiness Hearing is held Fridays at 9:00 AM ten days before the trial date.

- Case Management Conferences are held: Mon/Thurs at 3:00 PM, and Fri at 9:00 AM. Timely filed and completed CMC Statements are required at least 15 days before the conference and may eliminate the need for a hearing. Please check on the RofA via DOMAINweb for the Tentative CMO.

- Law and Motion matters are heard:  Tues/Wed at 3:00 PM. Email D-18 for reservations with case name, number, title, who you represent and dates for reservation. 1 courtesy copy of motion papers are to be submitted directly to D-18. Place reservation #, date, time and dept on motion.

- Settlement Conferences are heard:  As scheduled by the Judge.  Court resources are limited, and counsel should consider other ADR alternatives.  Conferences will be specially set when deemed appropriate.

- Ex Parte matters are heard:  Mon/Thurs at 3:00 PM, Fri at 9:00 AM. The applicant must contact the clerk for a hearing date, provide CRC 3.1203(a) notice to all parties, must appear in person or by phone if allowed.

- Always check the website the day before the hearing for developments on your case.  See link to above "List of documents" for more information on department: (1).  Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC 3.724).  (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. Those efforts must be well documented for any motion.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.18@alameda.courts.ca.gov
    Phone:        510-267-6934

    The Court requests that inquiries be made by e-mail to avoid disrupting courtroom proceedings.

- Ex Parte Matters
    Email:        Dept.18@alameda.courts.ca.gov
    Phone:        510-267-6934

    For more information or any other questions please email dept.18

## Tentative Rulings

The court may issue tentative rulings in accordance with the Local Rules.  Tentative rulings will become the Court's order unless contested in accordance with the Local Rules.  Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 18

- Phone: 1-866-223-2244

Dated: 04/30/2018

_____
Presiding Judge,
Superior Court of California, County of Alameda

---

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/01/2018

By: _____
Deputy Clerk

# EXHIBIT 7

LAVI & EBRAHIMIAN, LLP
Attn: Lavi, Joseph
8889 W. Olympic Blvd
Suite 200
Beverly Hills, CA   90211____

## Superior Court of California, County of Alameda

| Velasco | |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Randstad Inhouse Services, LLC, a limitied liabil | |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

No. RG18902612

**NOTICE OF CASE MANAGEMENT
CONFERENCE AND ORDER**
Unlimited Jurisdiction

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 09/05/2018<br>Time: 03:00 PM | Department: 18<br>Location: Administration Building<br>Third Floor<br>1221 Oak Street, Oakland  CA  94612<br>Internet: www.alameda.courts.ca.gov | Judge: Jo-Lynne Q. Lee<br>Clerk: Timothy Lopez<br>Clerk telephone: (510) 267-6934<br>E-mail:<br>Dept.18@alameda.courts.ca.gov<br>Fax: (510) 267-1506 |

### ORDERS

1. **Plaintiff** must:

   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)); and

   b. Give notice of this conference to all other parties and file proof of service.

2. **Defendant** must respond as stated on the summons.

3. All parties who have appeared before the date of the conference must:

   a. Meet and confer, in person or by telephone as required by Cal. Rules of Court, rule 3.724;

   b. File and serve a completed *Case Management Statement* on Form CM-110  at least 15 days before the Case Management Conference (Cal. Rules of Court, rule 3.725); and

   c. Post jury fees as required by Code of Civil Procedure section 631.

4. If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30.  Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

5. You are further ordered to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed. You may be able to appear at Case Management Conferences by telephone.  Contact CourtCall, an independent vendor, at least three business days before the scheduled conference. Call 1-888-882-6878, or fax a service request to (888) 882-2946.  The vendor charges for this service.

6. You may file *Case Management Conference Statements* by E-Delivery.  Submit them directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to *www.alameda.courts.ca.gov/ff*.

7. The judge may place a *Tentative Case Management Order* in your case's on-line register of actions before the conference.  This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration.  Check the website of each assigned department for procedures regarding tentative case management orders at *www.alameda.courts.ca.gov/dc*.

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/01/2018.

By _____

Deputy Clerk

# EXHIBIT 8



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet.Rev. 12/15/10

*Page 1 of 2*

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o   **Private Mediation:**  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o   **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

o   **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – Services that Encourage Effective Dialogue and Solution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br><br>　　TELEPHONE NO.:　　　　　　　　　FAX NO. *(Optional)*:<br>　　E-MAIL ADDRESS *(Optional)*:<br>　　ATTORNEY FOR *(Name)*:| FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
　　STREET ADDRESS:
　　MAILING ADDRESS:
　　CITY AND ZIP CODE:
　　BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.　Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

　　Date:　　　　　　　　　Time:　　　　　　　　　Department:

2.　Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

　　☐ Court mediation　　　　☐ Judicial arbitration

　　☐ Private mediation　　　☐ Private arbitration

3.　All parties agree to complete ADR within 90 days and certify that:

　　a.　No party to the case has requested a complex civil litigation determination hearing;
　　b.　All parties have been served and intend to submit to the jurisdiction of the court;
　　c.　All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
　　d.　Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
　　e.　Case management statements are submitted with this stipulation;
　　f.　All parties will attend ADR conferences; and,
　　g.　The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____　　　▶　_____
　　(TYPE OR PRINT NAME)　　　　　　　　　　(SIGNATURE OF PLAINTIFF)

Date:

_____　　　▶　_____
　　(TYPE OR PRINT NAME)　　　　　　　　　(SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(b)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____    ▶    _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)